## APPEAL OF WILLIAM HARRIS, JR.

Docket No. 1538.   Submitted June 1, 1925.   Decided June 25, 1925.

The value, in excess of original cost, of the producing rights of plays acquired in 1918 and 1919 may not be used as the basis of a deduction for obsolescence.

*Joseph P. Bickerton, Esq.*, for the taxpayer.
*Edward C. Lake, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

The taxpayer appeals from a deficiency in income taxes for the calendar years 1919 of $8,861.76 and 1920 of $25,434.99, or a total of $34,296.75. The taxpayer on his return deducted an amount of $27,786.19 for 1919 and $46,885.28 for 1920, as obsolescence of plays based not upon original cost but upon an alleged greater value which became apparent after production. These deductions the Commissioner disallowed, thus giving rise to the appeal.

### FINDINGS OF FACT.

The taxpayer on December 2, 1918, made a contract with the authors of a play called *East is West* for the rights of production and performance. The contract was introduced in evidence. On June 17, 1919, a contract was made with the author of a play called

*Abraham Lincoln* for its exclusive production. This contract was also introduced in evidence. In respect of these plays the taxpayer, who was a theatrical producer, was required to and did do many things essential to their successful performance. These included the modification of the manuscripts, the selection of a cast and scenery, and the supervision of the rehearsals. It was not known prior to the first performances whether the plays would be financially successful or not. This is the usual situation in the production of plays. The producer from his experience can usually tell within a day or two after the first performance whether a play will be successful, although sometimes it takes longer. It never takes more than 30 days.

The average period during which a play continues to be financially successful is from two to four years.

The actual cost of acquiring the manuscripts of the plays in question was deducted by the taxpayer as an expense in his returns.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

STERNHAGEN: The taxpayer having deducted the actual cost of the right to produce the plays in question and the expense of their preparation for public performance, contends now that he is entitled to set up a basis, uncertain in amount, for obsolescence of the right to produce the plays. He frankly concedes that his theory is similar to the deduction for depletion allowed by the Revenue Act, section 234 (a) (9) in the case of mines, oil and gas wells discovered by the taxpayer. He contends that because of the disproportion between original cost and the value which emerges from a successful play shortly after its first performance, it is unfair to tax all the proceeds of the production as income without allowance for the recovery of this value for which his own effort is primarily responsible.

This Board has announced frequently that the deduction for depreciation and obsolescence is for the purpose of enabling the taxpayer to recover his capital outlay before taxing his income, and there is nothing in the present situation which justifies an exception. If, as the taxpayer contends, Congress would have granted such a deduction if its attention had been called to the situation, just as it granted the deduction for depletion based upon discovery value, the legislative omission is one which we are not authorized to supply. The difficulty of applying such a theory as the taxpayer urges is apparent from the fact that the taxpayer himself has presented no value to be used as the basis, and counsel frankly concedes that he is quite uncertain as to how such value should be arrived at.